1

2

**UNITED STATES DISTRICT COURT**

3

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5

| | |
|---|---|
| **FRIENDS OF ROEDING PARK, a California non-profit unincorporated association; and LISA FLORES, ED BYRD, and PATRICIA ESPINOZA, individually,**<br><br>       **Plaintiffs,**<br><br>    **v.**<br><br>**CITY OF FRESNO, a California municipal corporation; KENNETH SALAZAR, Secretary, United States Department of the Interior; FRESNO COUNTY ZOO AUTHORITY, a public agency; COUNTY OF FRESNO, a political subdivision of the State of California; FRESNO'S CHAFFEE ZOO CORPORATION, a California non-profit public benefit corporation; ROEDING PARK PLAYLAND, a California non-profit corporation; FRESNO STORYLAND, a California non-profit corporation; and STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION,**<br><br>       **Defendants.** | 1:11-cv-02070 LJO SKO<br><br>ORDER RE: PLAINTIFFS' OBJECTION TO VENUE, AND DENYING REQUEST FOR RECUSAL AND TRANSFER (DOC. 53) |

The Court has received and reviewed Plaintiffs' moving papers in the above-captioned matter. The issue is clear and defined, and the Court deems the matter submitted on the moving papers.

Although moving parties cite non-existent Federal Rule of Civil Procedure 42(d), it is presumed they intended to cite Rule 42(b). That Rule deals with "Separate Trials," a legal issue that has no application to the instant motion.

Moving parties also erroneously cite to Local Rule 120(f). That rule pertains to transferring an action "to another venue *__within the District__*" (emphasis added). This is exactly what the instant motion

is asking NOT to have happen when it requests the matter to be transferred to a ***different District***, i.e. the Northern District of California.

The controlling statute is actually Title 28, United States Code, section 455 (Disqualification of Judges).  A reading of that statute reveals that the only potentially applicable provision is § 455(a), which provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

General Order No. 515 of the Eastern District of California, issued by the Chief Judge of the District on December 7, 2011, resulted from a thorough discussion by all of the judicial members of the Eastern District of California in light of the requirements of 42 U.S.C. § 455(a).  The Order states clearly that the one year recusal pertains to the ***limited*** situation when a former Eastern District judge ***himself or herself*** appears as counsel in a case venued in the Eastern District of California.  Such is not the circumstance in the instant case, and thus the General Order cited by moving parties has no application.

Furthermore, the moving parties cite the inapposite "Occupy Fresno" case.  In that case, the judges of the Eastern District of California recused themselves and requested the transfer pursuant to General Order No. 515, because a former Eastern District Judge did appear ***as counsel***.

The moving parties assume as true a non-existent fact: that the former Eastern District judge is a profit sharing partner of the law firm that has made an appearance in the instant case.  He is not, a fact taken into consideration when the limited wording of General Order No. 515 was written and issued.

There exists neither fact nor law to justify the granting of the instant motion.  It is therefore and hereby DENIED in its entirety.

IT IS SO ORDERED.

Dated:  __**January 24, 2012**__          _____**/s/ Lawrence J. O'Neill**_____
                                                                UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28