UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF ROEDING PARK, a California non-profit unincorporated association; and LISA FLORES, ED BYRD, and PATRICIA ESPINOZA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a California municipal corporation; KENNETH SALAZAR, Secretary, United States Department of the Interior; FRESNO COUNTY ZOO AUTHORITY, a public agency; COUNTY OF FRESNO, a political subdivision of the State of California; FRESNO'S CHAFFEE ZOO CORPORATION, a California non-profit public benefit corporation; ROEDING PARK PLAYLAND, a California non-profit corporation; FRESNO STORYLAND, a California non-profit corporation; and STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION,<br><br>Defendants. | 1:11-cv-02070 LJO SKO<br><br>ORDER GRANTING STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATIONS' MOTION TO DISMISS (DOC. 36) |

    This case concerns the planned expansion of the Fresno Chafee Zoo, located in Roeding Park, within the City of Fresno. In the currently-operative First Amended Complaint ("FAC"), Plaintiffs, the Friends of Roeding Park ("FORP"), a California non-profit unincorporated association, and individuals Lisa Flores, Ed Byrd, and Patricia Espinoza, challenge various actions and inactions related to the

planning and approval of the Zoo expansion project.  Doc. 13.  The FAC alleges:

    (1) The City of Fresno ("City"), the California Department of Parks and Recreation ("CDPR"), and the United States Department of the Interior ("DOI")[1] violated the Land and Water Conservation Fund Act ("LWCFA"), 16 U.S.C. 460*l*-4, *et seq*.;

    (2) The City, CDPR, and DOI violated the National Historic Preservation Act ("NHPA"), 16 U.S.C. 470, *et seq*., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq*.;

    (3) The City and the Fresno Chafee Zoo Authority ("FCZA")[2] are liable under 42 U.S.C. § 1983 for depriving residents of the City and Fresno County "who are members of minority groups including Latin-Americans, African-Americans, and Asian-Americans who use the free open space in Roeding Park ... of their rights of Equal Protection and Due Process under the Fifth and Fourteenth Amendments to the Constitutions of the United States and Article 1, section 7(a) of the California Constitutions by the unlawful expansion of the Fresno's Chaffee Zoo and the Roeding Park Playland and Fresno Storyland facilities in the federally protected open space in Roeding Park";

    (4) The City and the FCZA violated California Code of Civil Procedure Section 526a, which prohibits the illegal expenditure of public funds by public officials; and

    (5) The City and FCZA violated the California Environmental Quality Act ("CEQA"), Cal. Pub. Res. Code § 21000, *et seq*.

Doc. 13, filed Aug. 15, 2011.

    The Court has reviewed CDPR's motion to dismiss, which is set for hearing on February 7, 2012.  Doc. 36.  Plaintiff failed to file any opposition by the January 24, 2012 deadline.  *See* Local Rule

---

[1] Despite the fact that summons was issued to DOI in on August 5, 2011, Doc. 5, as of the date of this Order, the DOI has yet to enter an appearance in this case.  No proof of service has been filed with the Court.
[2] Pursuant to stipulation, the FCZA was dismissed with prejudice on December 22, 2011.  Doc. 38.

230(c). As the issue raised by CDPR's motion is clear and defined, the Court deems the matter submitted on the moving papers.

CDPR is a California state agency, created by the California Legislature to administer California's state parks. *See* Cal. Pub. Res. Code §§ 501, 504. CDPR argues that it is immune from suit in federal court under the Eleventh Amendment and therefore that dismissal is warranted under Federal Rule of Civil Procedure 12(h)(3), which requires a court to dismiss a case whenever it lacks subject matter jurisdiction. As a threshold matter, the Ninth Circuit has stated that Eleventh Amendment immunity "does not implicate a federal court's subject matter jurisdiction in any ordinary sense," and it should be treated as an affirmative defense, which can be waived. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153–54 (9th Cir. 2004); *Hill v. Blind Indus & Servs. of Md.*, 179 F.3d 754, 760–61 (9th Cir. 1999), amended by 201 F.3d 1186 (9th Cir. 2000).

Nonetheless, in the absence of express consent by the state, the Eleventh Amendment bars federal court actions against a state or its agencies or departments. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court has recognized that this language "bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987). There are only a handful of federal statutes that have been held to abrogate the States' Eleventh Amendment immunity, *e.g., United States v. Georgia*, 546 U.S. 151 (2006) (discussing abrogation by Title II of the American's with Disabilities Act), none of which are at issue in this case. California has not waived its Eleventh Amendment immunity in connection with this action. Accordingly, Plaintiffs' claims against CDPR are barred by the Eleventh Amendment and must be DISMISSED.

**CONCLUSION AND ORDER**

For the reasons set forth above, the claims against CDPR are barred by the Eleventh Amendment and are DISMISSED WITHOUT LEAVE TO AMEND.

**SO ORDERED**
**Dated:  January 25, 2012**

                                                                               /s/ Lawrence J. O'Neill
                                                                               United States District Judge