UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF ROEDING PARK, a California non-profit unincorporated association; and LISA FLORES, ED BYRD, and PATRICIA ESPINOZA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a California municipal corporation; KENNETH SALAZAR, Secretary, United States Department of the Interior; FRESNO COUNTY ZOO AUTHORITY, a public agency; COUNTY OF FRESNO, a political subdivision of the State of California; FRESNO'S CHAFFEE ZOO CORPORATION, a California non-profit public benefit corporation; ROEDING PARK PLAYLAND, a California non-profit corporation; FRESNO STORYLAND, a California non-profit corporation; and STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION,<br><br>Defendants. | 1:11-cv-02070 LJO SKO<br><br>ORDER GRANTING CITY OF FRESNO'S (DOC. 39) AND FRESNO CHAFEE ZOO CORPORATION'S (DOC. 41) MOTIONS TO DISMISS |

**I. INTRODUCTION**

   This case concerns the planned expansion of the Fresno Chafee Zoo, located in Roeding Park, within the City of Fresno. In the currently-operative First Amended Complaint ("FAC"), Plaintiffs, the Friends of Roeding Park ("FORP"), a California non-profit unincorporated association, and individuals

1

Lisa Flores, Ed Byrd, and Patricia Espinoza, challenge various actions and inactions related to the planning and approval of the Zoo expansion project. Doc. 13. The FAC alleges:

>(1) The City of Fresno ("City"), the California Department of Parks and Recreation ("CDPR"), and the United States Department of the Interior ("DOI")[1] violated the Land and Water Conservation Fund Act ("LWCFA"), 16 U.S.C. 460*l*-4, *et seq*.;
>
>(2) The City, CDPR, and DOI violated the National Historic Preservation Act ("NHPA"), 16 U.S.C. 470, *et seq*., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq*.;
>
>(3) The City and the Fresno Chafee Zoo Authority ("FCZA")[2] are liable under 42 U.S.C. § 1983 for depriving residents of the City and Fresno County "who are members of minority groups including Latin-Americans, African-Americans, and Asian-Americans who use the free open space in Roeding Park ... of their rights of Equal Protection and Due Process under the Fifth and Fourteenth Amendments to the Constitutions of the United States and Article 1, section 7(a) of the California Constitutions by the unlawful expansion of the Fresno's Chaffee Zoo and the Roeding Park Playland and Fresno Storyland facilities in the federally protected open space in Roeding Park";
>
>(4) The City and the FCZA violated California Code of Civil Procedure Section 526a, which prohibits the illegal expenditure of public funds by public officials; and
>
>(5) The City and FCZA violated the California Environmental Quality Act ("CEQA"), Cal. Pub. Res. Code § 21000, *et seq*.

Doc. 13, filed Aug. 15, 2011.

The City moves to dismiss all of the claims against it pursuant to Federal Rules of Civil

---

[1] Despite the fact that summons was issued to DOI in on August 5, 2011, Doc. 5, as of the date of this Order, the DOI has yet to enter an appearance in this case. It is not clear whether they have been properly served.
[2] Pursuant to stipulation, the FCZA was dismissed with prejudice on December 22, 2011. Doc. 38.

2

Procedures 12(b)(1) and 12(b)(6), arguing that the FAC: (1) fails to assert grounds for federal subject matter jurisdiction; (2) fails to state a claim for violations of NEPA, NHPA, and/or the LWCFA against the City; (3) fails to state a claim under 42 U.S.C. §1983 against the City; and fails to state a cognizable claim under CEQA because Plaintiffs failed to request a hearing within 90 days of filing this action as required by California Public Resources Code § 21167.4(a).  Doc. 39.  The Fresno Chafee Zoo Corporation ("FCZC"), which is not named as a Defendant in any claim but which is alleged to have "financial and legal interest in the subject matter of this action," FAC at ¶ 14, also moves to dismiss all of the claims in the case pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6), arguing: (1) the Court lacks subject matter jurisdiction over Plaintiffs' NEPA, NHPA, and LWCFA claims; (2) Plaintiffs fail to state any cognizable claims under 42 U.S.C. § 1983; (3) the FAC fails to state a California Code of Civil Procedure § 526(a) claim; and (4) the CEQA claim must be dismissed for failure to request a hearing within 90 days of the filing of the petition.  Doc. 41.  Plaintiff failed to file any opposition or statement of non-opposition by the January 24, 2012 deadline.  *See* Local Rule 230(c). As the issues raised by these motions are clear and defined, the Court deems the matter submitted on the moving papers and VACATES the hearing, currently set for February 7, 2012.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In November 2004, Fresno County voters approved "Measure Z," referred to as the "Save Our Zoo Measure," which provided:  "To help ensure the survival of the Chaffee Zoo by providing necessary funding to repair and restore the zoo, bring back large animal exhibits, further revitalize the zoo, and preserve the zoo's Species Survival Plan and ongoing Education Program, shall Fresno County voters approve a one-tenth of one percent sales tax for ten years with all net proceeds dedicated exclusively to the Chaffee Zoo?"  FAC at ¶ 22.

In the Spring of 2005, the City entered into a lease with the FCZC for thirty-nine (39) acres within Roeding Park, which includes the existing Zoo footprint of approximately eighteen (18) acres

plus another twenty-one (21) acres for the proposed Zoo expansion. FAC at ¶ 25. The proposed Zoo expansion would extend the Zoo into areas that are currently used for open space recreation, some of which had been improved pursuant to six (6) grants issued under the LWCFA through the CDPR. *Id.*

Plaintiffs objected to the City's approval of the lease for the additional 21 acres, arguing it would result in commercial and retail development of land previously used for open space recreational uses, for which no fee was charged, other than a vehicle entry fee. FAC at ¶ 26.

On June 21, 2011, CDPR provided written notice to the City that no permission would be required from DOI for approval of the Sea Lion Cove Exhibit Project or for approval of the Master Plans, and that the proposed Plans were consistent with the LWCFA and/or provisions of the 2008 California Comprehensive Outdoor Recreation Plan. FAC at ¶ 33. On June 30, 2011, the City certified an Environmental Impact Report ("EIR") under CEQA and approved the Roeding Park and Fresno Chaffee Zoo Master Plans. FAC at ¶ 27. On July 20, 2011, the City approved Conditional Use Permit C-08-186 for the construction and development of the proposed Sea Lion Cove Exhibit. FAC at ¶ 28.

On July 27, 2011, the FCZA Board, acting as a responsible agency under CEQA, adopted findings that the EIR was legally adequate under CEQA and authorized expenditure of over $9.0 million for the construction and development of the Sea Lion Cove Project. FAC at ¶ 29.

Plaintiffs filed their initial Complaint on August 1, 2011, followed by the FAC on August 15, 2011, both of which were filed in the Sacramento Division of the Eastern District of California. The City, the County of Fresno, and CDPR filed motions to dismiss. Docs. 15, 17 & 20. FCZC filed a motion to change venue. Doc. 22. Plaintiff did not oppose any of these motions. As a result, on October 19, 2011, District Judge Morrison England vacated the hearing date and ordered Plaintiffs to show cause why the FAC should not be dismissed in its entirety. Doc. 26. Plaintiffs responded to the order to show cause, requesting leave to amend, agreeing to dismiss both the County and the FCZA, and requesting that the Sacramento Division retain jurisdiction over some claims, while transferring the

remaining claims to the Fresno Division. Doc. 28. On December 15, 2011, Judge England granted the motion to change venue in its entirety on the ground that the action arises in Fresno and should have been filed in the Fresno Division. Doc. 34. The then-pending motions to dismiss were vacated. Plaintiffs' request for leave to amend was not addressed. *Id*. A stipulation to dismiss the County and the FCZA followed. Doc. 38. The instant motions, as well as a renewed-motion by CDPR which has already been granted, were re-filed after the intra-district transfer.

### III. STANDARDS OF DECISION

**A.     Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of jurisdiction over the subject matter." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that

5

the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989), rev'd on other grounds, 963 F.2d 229 (9th Cir. 1992). "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

The standards used to resolve motions to dismiss under Rule 12(b) (6) are relevant to disposition of a facial attack under 12(b)(1). *See Cassirer v. Kingdom of Spain,* 580 F.3d 1048, 1052 n. 2 (9th Cir. 2009), rev'd on other grounds en banc, 616 F.3d 1019 (9th Cir. 2010) (applying *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), to a motion to dismiss for lack of subject matter jurisdiction).

**B.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S. Ct. at 1950.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

The City and FCZC have filed independent motions to dismiss that overlap in many respects. For the sake of efficiency, the motions are addressed together whenever both parties have made similar arguments.

**A.     Jurisdictional Challenge to NEPA, LWCFA, and NHPA Claims.**

The City and FCZC move to dismiss Plaintiffs' NEPA, LWCFA and NHPA claims, arguing that Plaintiff has failed to establish subject matter jurisdiction because none of these statutes provides a private right of action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (internal citations omitted).  It is well-accepted that three of the federal statutes relied upon by Plaintiffs (NEPA, LWCFA, and NHPA) do not create private rights of action to enforce their provisions. *See* 16 U.S.C. 460*l*-4, *et seq.*; 16 U.S.C. 470, *et seq.*; 42 U.S.C. § 4321, *et seq.*  A Plaintiff seeking relief for violations of these statutes must rely upon other authority, such as the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, to establish federal subject matter jurisdiction under these statutes. *See San Carlos Apache Tribe v. United*

*States,* 417 F.3d 1091, 1093 (9th Cir. 2005) (affirming dismissal of claim brought directly under NHPA rather than the APA, and analogizing NHPA to NEPA).

> To permit a case to proceed directly under a federal statute and bypass the APA is not without consequence.  The APA includes a series of procedural requirements litigants must fulfill before bringing suit in federal court. For instance, the challenged agency action must be final.  5 U.S.C. § 704.  Also, a party generally cannot seek court review until all administrative remedies have been exhausted.  *Young v. Reno*, 114 F.3d 879, 881 (9th Cir. 1997).

*Id*. at 1098.

The FAC makes no mention of the APA.  Because none of the statutes relied upon in Plaintiffs' First and Second Counts provides a private right of action, the court lacks subject matter jurisdiction over those claims.  Therefore, the City's and FCZC's motions to dismiss pursuant to Rule 12(b)(1) are GRANTED.  This conclusion applies to these claims <u>in their entirety</u>, even though Federal Defendant has neither made an appearance in this case nor moved to dismiss.  The lack of a private right of action under these statutes applies with equal force to any claim against Federal Defendants.

**B.**     **<u>Substantive Challenges to NEPA, NHPA, and/or LWCFA Claims.</u>**

Alternatively, even if subject matter jurisdiction was not lacking, the City argues that the FAC fails to state claims under NEPA, NHPA, and/or LWCFA against the City.

**1.**     **<u>NEPA Claim.</u>**

The Second Count alleges that DOI, CDPR, and the City failed to follow proper NEPA procedures by, among other things, failing to evaluate potential project alternatives that could have avoided or mitigated significant impacts to the historic and open space values of Roeding Park.  *See* FAC. at ¶ 40.  NEPA requires all federal agencies to prepare an environmental impact statement ("EIS") to evaluate the potential environmental consequences of any proposed "major Federal action[ ] significantly affecting the quality of the human environment."  42 U.S.C. § 4332(C).  The City argues that because the City is not a federal agency, it cannot possibly be a defendant in the NEPA claim.

"Usually, the federal government is the only proper defendant in an action to compel compliance with NEPA." *Laub v. U.S. Dept. of Interior*, 342 F.2d 1080, 1091-92 (9th Cir. 2003) (internal citation and quotation omitted).  "However, nonfederal defendants may be enjoined under certain circumstances." *Id*. at 1092.  For example, a non-federal defendant might be added to a NEPA claim where federal and non-federal "projects are sufficiently interrelated to constitute a single federal action for NEPA purposes." *Id*.

> The determination of whether federal and [non-federal] projects are sufficiently intertwined to constitute a "federal action" for NEPA purposes "will generally require a careful analysis of all facts and circumstances surrounding the relationship." *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975).  "There are no clear standards for defining the point at which federal participation transforms a state or local project into major federal action. The matter is simply one of degree." *Almond Hill School v. United States Dep't of Agric.*, 768 F.2d 1030, 1039 (9th Cir. 1985)

*Laub*, 342 F.3d at 1092.  In *Laub*, the Ninth Circuit refused to automatically dismiss a NEPA claim challenging the State of California's acquisition of lands undertaken pursuant to a joint federal-state partnership governed by an agreement which required joint coordination, cost sharing, joint management, and the development of a joint blueprint to develop an ecosystem restoration program, of which the State's land acquisition was a part.  *Id*.

Here, by contrast, the FAC alleges absolutely no joint management or coordination, cost sharing, or any other relationship between the local and federal entities, other than the fact that the City sought and received approval of its plans from the Federal Defendant.  Nothing in the FAC provides a basis for retaining the City as a Defendant in the NEPA claim.  The City's motion to dismiss the NEPA claim against the City is GRANTED.

  2. **NHPA Claim.**

The Second Count also alleges that the City, DPR, and DOI violated the NHPA.  As is the case with NEPA, the NHPA applies only where there is a "federal or federally assisted undertaking." 16 U.S.C. § 470f.  Nothing in the FAC alleges and the Court's review of the statute does not suggest that

9

the City is subject to any obligation under the NHPA under the present circumstances. The City's motion to dismiss the NHPA claim against the City is GRANTED.

### 3. LWCFA Claim.

The First Count alleges that the City, DPR, and DOI violated Section 6(f)(3) of the LCFWA by "conducting discussions and deliberations" regarding the "application for permission to proceed with the approval of the Master Plans Project for Roeding Park and the Fresno's Chafee Zoo projects contained therein…" without providing appropriate notice to Plaintiffs. FAC at ¶¶ 32-34. LWCFA appropriates federal funds to states for outdoor recreation planning, acquisition, and facilities development, provided the state has adopted a comprehensive statewide outdoor recreation plan and is able to provide at least 50 percent of the cost of projects. Section 6(f)(3) of the Act provides:

> No property acquired or developed with assistance under this section shall, without the approval of the Secretary, be converted to other than public outdoor recreation uses. The Secretary shall approve such conversion only if he finds it to be in accord with the then existing comprehensive statewide outdoor recreation plan and only upon such conditions as he deems necessary to assure the substitution of other recreation properties of at least equal fair market value and of reasonably equivalent usefulness and location.

16 U.S.C. § 460*l*-8(f)(3); *see also* 36 C.F.R. § 59.3(a) (setting forth requirements for conversion approval). Whenever a property that was the subject of an LWCFA grant is to be "converted to other than public outdoor recreation uses," DOI oversees disposition of the property to ensure compliance with the Act. *Weiss,* 580 F. Supp. 2d at 185-86. However, the FAC cites no statutory or regulatory provision requiring the City to provide any notice under the LWCFA. In fact, there appears to be nothing in the LWCFA or its implementing regulations that imposes any obligation on the City whatsoever.[3] The City's motion to dismiss the LWCFA claim is GRANTED.

---

[3] Within the First Count, which is entitled "Violation of LWCF Act," Plaintiff cites NEPA as sources of notice obligations, with which the failure to comply is alleged to have violated the "Due Process Rights of the Plaintiffs under the Fifth and Fourteenth Amendments to the U.S. Constitution." FAC at ¶ 35. This reference serves only to confuse matters, and does not save the LWCFA claim from dismissal. The FAC contains a separate NEPA claim, which is addressed above. Any Due Process violation must be brought under 42 U.S.C. § 1983. Plaintiff attempts to state such a claim in the Third Count, which is addressed below. In addition, Plaintiff cites CEQA within the LWCFA claim, alleging that CDPR and the City failed to proceed "in the manner required by law under CEQA Guidelines 15201." FAC at ¶ 35. Plaintiff has set forth a separate

**C.     Section 1983 Equal Protection and Due Process Claims.**

The Third Count alleges that the City is liable under 42 U.S.C. § 1983 for violating Plaintiffs' "Equal Protection and Due Process Rights under the Fifth and Fourteenth Amendments to the Constitutions of the United States and Article 1, section 7(a) of the California Constitution by the unlawful expansion of the Fresno's Chafee Zoo and the Roeding Park Playland and Fresno Storyland facilities into the federally protected open space in Roeding Park." FAC at ¶ 44. The City and FCZC move to dismiss for failure to state a claim.

As a threshold matter, Plaintiffs cannot base their section 1983 claim upon an alleged violation of a provision of the California Constitution. Section 1983 by its express terms protects against "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." This has been uniformly interpreted to apply only to <u>federal</u> constitutional and <u>federal</u> statutory rights. *See Maine v. Thiboutot*, 448 U.S. 1, 5 (1980).

**1.     Equal Protection Claim.**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, an equal protection claim may be established by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Alternatively, an equal protection claim may arise where similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S.

---

CEQA claim, which is addressed below.
       Finally, embedded within the Second Count ("Violation of [NHPA] and NEPA") is a the following allegation: "[CDPR] failed to interpret and implement properly the LWCF Act provisions related to the definition of open space recreation by approving enclosed retail commercial space and large animal enclosures as 'open space recreation,' pursuant to the [LWCFA]." FAC at ¶ 42. In addition to the fact that this allegation is not contained within the LWCFA claim, CDPR has been dismissed from this lawsuit. This paragraph makes no mention of any other defendant.

11

562, 564 (2000). Here, it appears that Plaintiffs are invoking the former option, as the FAC alleges Plaintiffs are "Latin-Americans, African-Americans, and Asian-Americans." FAC at ¶ 44. However, conclusory allegations that Defendants treated Plaintiffs differently from other similarly-situated individuals are insufficient. *See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (conclusory allegations of Equal Protection violation, unaccompanied by allegations identifying others similarly situated or alleging how they are treated differently from plaintiff, insufficient to withstand motion to dismiss). Here, while the FAC claims minority Plaintiffs use Roeding Park for recreational and social purposes, there is no allegation of disparate treatment. For this reason, the City's motion to dismiss the section 1983 Equal Protection claim is GRANTED.

2. **Due Process Claim.**

There are two possible forms of a due process claim: substantive and procedural. To state a substantive due process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). To put it another way, the concept of substantive due process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty' " *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). To state a claim for violation of procedural due process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). One has a constitutionally protected property right in one's disability benefits, *see id.*, or, under certain circumstances, one's public employment, *see Hufford v. McEnaney,* 249 F.3d 1142, 1151 (9th Cir. 2001). Alternatively, one has a constitutionally protected liberty interest in the freedom to travel, *Kent v. Dulles*, 357 U.S. 116, 125 (1958), the freedom to live with and raise children, *Troxel v.*

*Granville*, 530 U.S. 57, 66 (2000), and/or the freedom from incarceration, *Oviatt v. Pearce*, 954 F.2d 1470, 1473 (9th Cir. 1992). The FAC entirely fails to explain of what constitutionally protected life, liberty, or property interest Plaintiffs were deprived. Nor does the FAC describe any conduct that otherwise "shocks the conscience." The motion to dismiss the section 1983 due process claim is GRANTED.

### D. California Code of Civil Procedure Section 526a Claim.

The Fourth Claim alleges that the Zoo expansion project "violates the terms and conditions of the Measure Z initiative, the Civil Rights of the minority communities alleged hereinabove, the 2008 California Outdoor Recreation Plan, and the terms and conditions of the lease for the Zoo with the City of Fresno" and that therefore expenditure of public sales tax funds for the project violates California Code of Civil Procedure § 526a.

"Under Code of Civil Procedure section 526a, a taxpayer may challenge wasteful or illegal government action that otherwise would go unchallenged because of standing requirements." *Coshow v. City of Escondido*, 132 Cal. App. 4th 687, 714 (2005) (internal citations and quotations omitted). "To state a claim, the taxpayer must allege specific facts and reasons for the belief the expenditure of public funds sought to be enjoined is illegal. General allegations, innuendo, and legal conclusions are not sufficient." *Id*.

Here, the FAC alleges:

> 50. The expenditure of public sales tax funds for the unauthorized expansion of the Fresno's Chaffee Zoo and Roeding Park Playland and Fresno Storyland into the Park and for infrastructure development for the Park outside of the Zoo footprint violates the terms and conditions of the Measure Z initiative, the Civil Rights of the minority communities alleged hereinabove, the 2008 California Outdoor Recreation Plan, and the terms and conditions of the lease for the Zoo with the City of Fresno and is prohibited thereby.
>
> 51. Therefore, such unlawful expenditures of public funds by the City of Fresno and the FCZA constitute a waste of public funds in violation of Article 6, section 16 of the California Constitution and California Code of Civil Procedure section 526a.

The only stand-alone allegations (i.e. the only allegations that does not depend on other claims that have been dismissed) is that the Zoo expansion "outside of the Zoo footprint violates the terms and conditions of the Measure Z initiative.... the 2008 California Outdoor Recreation Plan, and the terms and conditions of the lease for the Zoo." Without more information, it is impossible to determine why Plaintiffs believe the Zoo expansion is unlawful. Nothing in the text of Measure Z, provided at paragraph 220 of the FAC and quoted above, expressly prohibits expansion outside the Zoo's existing footprint and Plaintiffs do not point to any specific provision within the 2008 California Outdoor Recreation Plan and/or the terms of the Zoo lease that may have been violated. FCZC's motion to dismiss is GRANTED.

**E.      CEQA Claim.**

The Fifth Count alleges that the City violated CEQA by, among other things, failing to provide appropriate notice to the public, failure to adequately analyze the impacts of the Zoo expansion project, and failure to consider feasible alternatives. FAC ¶ 54. The City and FCZC move to dismiss the Fifth Count on the ground that to maintain a cause of action under CEQA, Plaintiffs were required to request a hearing within 90 days of filing their CEQA claim.

California Public Resources Code § 21167.4(a) provides:

> In any action or proceeding alleging noncompliance with this division, the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding.

The purpose of this rule is to "avoid delay and achieve prompt resolution of CEQA claims." *San Franciscans for Reasonable Growth v. City and County of San Francisco*, 189 Cal. App. 3d 498, 504 (1987). The terms of § 21167.4 are "mandatory." *Id*. The remedy for a violation of the 90-day rule is automatic dismissal. *San Franciscans for Reasonable Growth,* 189 Cal. App. 3d at 504; *Fiorentino v. City of Fresno*, 150 Cal. App. 4th 596, 605 (2007).

Petitioners initiated this action on August 1, 2011, with the filing of the initial complaint. Doc.

14

1. The FAC was filed August 15, 2011. *See* Doc. 13. The 90-day window expired at the absolute latest on December 15, 2011. The Court has examined every filing by Plaintiff in this case prior to December 15, 2011 and has been unable to discover any request by Plaintiff for a hearing in this case. The petition to change venue, filed September 7, 2011, Doc. 22, and granted December 15, 2011, Doc. 34, did not toll the 90-day time clock. *See Guardians of Elk Creek Old Growth v. Dept. of Forestry and Fire Protection*, 89 Cal. App. 4th 1431, 1435 (2001). There is no evidence Plaintiff has complied with § 21167.4 here. Accordingly, the CEQA claim is DISMISSED.

### F.     LEAVE TO AMEND.

Both the City and FCZC request that dismissal should be without leave to amend because amendment would be futile. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend is to be given "freely" and "when justice so requires," even if the plaintiff fails to request leave to amend. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

Here, the CEQA claim cannot possibly be saved by amendment. As to the remaining claims, although the Court believes it is exceedingly unlikely that Plaintiffs can re-state valid claims against the City (and/or the FCZC as real party in interest) under many of the theories advanced in the FAC, because it is not entirely impossible to advance such claims against certain Defendants, the Court will afford Plaintiffs one opportunity to amend. Any amendment must be consistent with the legal rulings provided above, as well as Plaintiffs' obligations under Federal Rule of Civil Procedure 11. Plaintiffs are warned that disregard for applicable legal standards will be sanctionable.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the City's and FCZC's unopposed motions to dismiss are GRANTED IN THEIR ENTIRETY.  Although Federal Defendant has not moved to dismiss, all claims against Federal Defendant must be dismissed for lack of subject matter jurisdiction.  The CEQA claim is DISMISSED WITHOUT LEAVE TO AMEND.  The remaining claims are DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file any amended complaint within thirty (30) days of electronic service of this memorandum decision and order.

**SO ORDERED**
**Dated: January 31, 2011**

                                                                                    /s/ Lawrence J. O'Neill
                                                                                 **United States District Judge**