UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF ROEDING PARK, a California non-profit unincorporated association; and LISA FLORES, ED BYRD, and PATRICIA ESPINOZA, individually,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CITY OF FRESNO, a California municipal corporation; KENNETH SALAZAR, Secretary, United States Department of the Interior; FRESNO COUNTY ZOO AUTHORITY, a public agency; COUNTY OF FRESNO, a political subdivision of the State of California; FRESNO'S CHAFFEE ZOO CORPORATION, a California non-profit public benefit corporation; ROEDING PARK PLAYLAND, a California non-profit corporation; FRESNO STORYLAND, a California non-profit corporation; and STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION,<br><br>                    Defendants. | 1:11-cv-02070 LJO SKO<br><br>**ORDER GRANTING FEDERAL DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, FAILURE TO TIMELY SERVE, AND FAILURE TO PROSECUTE (DOC. 58)** |

   This case concerns the planned expansion of the Fresno Chafee Zoo, located in Roeding Park, within the City of Fresno.  In the First Amended Complaint ("FAC"), Plaintiffs, the Friends of Roeding Park ("FORP"), a California non-profit unincorporated association, and individuals Lisa Flores, Ed Byrd, and Patricia Espinoza, challenged various actions and inactions related to the planning and

approval of the Zoo expansion project.  Doc. 13.  On January 31, 2012, the Court granted the City of Fresno's and the Fresno Chafee Zoo Corporation's motions to dismiss.  Doc. 57.  All of the claims in FAC were dismissed as to all Defendants, but Plaintiff was afforded thirty (30) days to amend as to certain claims.  *Id.*

On February 1, 2002, Federal Defendants moved to dismiss for insufficient service of process, failure to timely serve, and failure to prosecute, pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(m), and 41(b).  Doc. 58.  That motion was set for hearing on March 1, 2002.  Plaintiffs failed to timely file any opposition, which was due February 16, 2012.

Federal Rule of Civil Procedure 12(b)(5) permits a motion to dismiss for insufficient service of process.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  To properly serve the United States, a party must, among other things:

> [D]eliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B).  Once service is made, "[u]nless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(*l*)(1).

Pursuant to Federal Rule of Civil Procedure 4(m), defendants must be served within 120 days after the complaint is filed.  If a defendant is not served within this time, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure [to serve within 120 days], the court must extend the time for service for an appropriate period."  *Id.*

The original complaint in this case was filed on August 1, 2011.  More than 120 days have passed since the complaint was filed.  The United States has not waived service of process.  No proof of

service has been filed to demonstrate that the United States Attorney's Office for the Eastern District of California and/or the Attorney General of the United States has been served. Federal Defendants have not been timely or properly served. The motion to dismiss for insufficient service of process and failure to timely serve is GRANTED.

It is unnecessary to address Federal Defendants' alternative bases for dismissal.

## CONCLUSION AND ORDER

For the reasons set forth above, Federal Defendants' motion to dismiss for insufficient service of process and failure to timely serve is GRANTED. The thirty (30) day deadline for filing an amended complaint set forth in the January 31, 2012 Order remains unchanged. If Plaintiffs choose to amend their complaint, Plaintiffs must ensure proper service of the United States within thirty (30) days of electronic filing of any amended complaint.

The March 1, 2012 hearing is VACATED.

**SO ORDERED**
**Dated:  January 21, 2012**

                                                                    **/s/ Lawrence J. O'Neill**
                                                                    **United States District Judge**