UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRIENDS OF ROEDING PARK, a California non-profit unincorporated association; and LISA FLORES, ED BYRD, and PATRICIA ESPINOZA, individually,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITY OF FRESNO, a California municipal corporation; FRESNO'S CHAFFEE ZOO CORPORATION, a California non-profit public benefit corporation; ROEDING PARK PLAYLAND, a California non-profit corporation; FRESNO STORYLAND, a California non-profit corporation; and HARRIS CONSTRUCTION COMPANY CO., INC., a California corporation,**<br><br>**Defendants.** | 1:11-cv-02070 LJO SKO<br><br>**ORDER DISMISSING PLAINTIFFS' ENTIRE SECOND AMENDED COMPLAINT** |

This case concerns the planned expansion of the Fresno Chafee Zoo, located in Roeding Park, within the City of Fresno. Plaintiffs' Second Amended Complaint ("SAC") advances three claims. The first count alleges that the City of Fresno (the "City") violated the federal Land and Water Conservation Fund Act ("LWCFA"), 16 U.S.C. 460*l*-4, *et seq.* SAC at ¶¶ 34-43. The second count, asserted against both the City and Fresno's Chaffee Zoo Corporation (the "Zoo Corporation"), seeks "affirmative" declarations on the following issues purportedly arising under the LWCFA and the National Environmental Policy Act ("NEPA"), 42 U.S.C. 42 U.S.C. § 4321, *et seq.*:

> A) Whether the Zoo Corporation's has a duty, pursuant to Section 21 of the lease agreement between the City and Zoo Corporation, to obtain final administrative approval under the LWCF Act from the Secretary of the U.S. Department of the Interior, National Park Service, and/or the California Department of Parks and Recreation prior to proceeding with construction of the African Safari Exhibit Project, which includes land subject to the jurisdiction of the Secretary of the U.S. Department of the Interior, National Park Service, and/or the California Department of Parks and Recreation;

1

   B) Whether the Plaintiffs have the right to be notified of the administrative review and final administrative decision and action by the these agencies under NEPA and the LWCF Act; and

   C) Whether Plaintiffs and the public have the right to participate in the federal and/or state administrative review process under NEPA and the LCWF Act, concerning the final administrative decision and action to approve proceed with construction of the African Safari Exhibit Project.

SAC at ¶ 45. The third count is a state law claim, alleging the City and the Zoo Corporation violated California Code of Civil Procedure 526a. The SAC does not name a federal defendant.

  Scheduled for oral argument on April 9, 2012 were motions to dismiss filed by: (1) Defendant City of Fresno, Doc. 62, and (2) Defendant Fresno's Chaffee Zoo Corporation, Doc. 63.[1] Under Local Rule 230(c), Plaintiffs' oppositions to these motions were due no fewer than fourteen days before the April 9 hearing date, so no later than March 26, 2012. Furthermore, under Rule 230(c), "[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question" and "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

  Plaintiffs failed to file any oppositions or statements of non-opposition to the above-referenced motions. In addition, Plaintiffs previously failed to file an opposition or a statement of non-opposition to Federal Defendants' motion to dismiss for insufficient service of process. *See* Doc. 60. On March 27, 2012, Plaintiffs' were warned that their failure to comply with the local rules may warrant dismissal with prejudice, *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal with prejudice for failure to abide by deadlines), and were ordered to show cause in writing no later than Friday, March 30, 2012 why the Court should not dismiss this action in its entirety. Doc. 65.

  On March 30, 2012, Plaintiffs filed a fifteen page "Response to Order to Show Cause Re

---

[1] The motion hearing was vacated and the matters submitted on the pleadings. *See* Doc. 69.

2

Dismissal With Prejudice." Doc. 68. Nowhere in that brief do Plaintiffs even attempt to explain their failure to timely file oppositions to the motions to dismiss or their failure to otherwise comply with the local rules regarding the filing of statements of non-opposition. Instead, Plaintiffs provide an untimely disquisition on the merits of their claims. Dismissal of Plaintiffs' entire case is warranted based upon their complete failure to show good cause why they failed to comply with the local rules.

In the alternative, Dismissal is also warranted on the merits. Plaintiffs have demonstrated a fundamental misunderstanding of the role a federal court may play in their dispute with the City and the Zoo Corporation. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (internal citations and quotations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. The only possible basis upon which this Court could assert jurisdiction over this case is 28 U.S.C. § 1331 (federal question jurisdiction). The Declaratory Judgment Act, 28 U.S.C. § 2201, invoked as a basis for assertion of jurisdiction over Plaintiffs' second count, does not provide an independent basis for subject matter jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

Plaintiffs have failed to state a claim that properly invokes the federal question jurisdiction of this Court. As the January 31, 2011 Memorandum Decision and Order Granting Defendants' earlier motion to dismiss indicates:

> It is well-accepted that three of the federal statutes relied upon by Plaintiffs (NEPA, LWCFA, and NHPA[2]) do not create private rights of action to enforce their provisions. *See* 16 U.S.C. 460l-4, *et seq*.; 16 U.S.C. 470, *et seq*.; 42 U.S.C. § 4321, *et seq*. A Plaintiff seeking relief for violations of these statutes must rely upon other authority, such as the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., to establish federal subject matter jurisdiction under these statutes. *See San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1093 (9th Cir. 2005) (affirming dismissal of claim brought directly

---

[2] Although Plaintiffs do not assert a claim under the National Historic Preservation Act ("NHPA") in the SAC, they do still mention the statute in paragraph 18.

3

under NHPA rather than the APA, and analogizing NHPA to NEPA).

> To permit a case to proceed directly under a federal statute and bypass the APA is not without consequence. The APA includes a series of procedural requirements litigants must fulfill before bringing suit in federal court. For instance, the challenged agency action must be final. 5 U.S.C. § 704. Also, a party generally cannot seek court review until all administrative remedies have been exhausted. *Young v. Reno*, 114 F.3d 879, 881 (9th Cir. 1997).

*Id*. at 1098.

Doc. 57 at 7-8. The FAC was dismissed because it did not mention the APA, let alone address its requirements. The SAC does no better. Plaintiffs attempt to argue this defect away by explaining that, among other things: "Plaintiffs lack the information necessary to allege specific defects in [] final administrative decisions and actions." Doc. 68 at 5. This is, of course, exactly the point. The APA permits a federal court to compel agency action "unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(a), but that power is limited to "[a]gency action made reviewable by statute," 5 U.S.C. § 704, which is not the case here, or "<u>final agency action</u> for which there is no adequate remedy in a court," *id* (emphasis added). Lack of APA finality precludes judicial review. *Ukiah Valley medical Center v. F.T.C.*, 911 F.2d 261, 263-64 (9th Cir. 1990).

Plaintiffs' suggestion that this Court nevertheless "has jurisdiction under traditional principles of equity based upon Plaintiffs allegations of irreparable harm to the LWCF[A] protected resources within the Park boundary ...." is completely baseless. "Federal courts have no independent 'equity jurisdiction'; they may grant equitable relief, but not unless there is an independent statutory basis for federal jurisdiction, which is conferred only by specific congressional enactment." *In re Agent Orange Product Liability Litig.*, 506 F. Supp. 737, 740 (S.D.N.Y. 1979), rev'd on other grounds, 635 F.2d 987 (2d Cir. 1980); *see also Fed. Sav. and Loan Corp. v. Ferrante*, 364 F.3d 1037, 1039-40 (9th Cir. 2004) ("equitable jurisdiction" not a basis for hearing claims for attorneys fees under doctrine of ancillary jurisdiction); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (court does not have "inherent power, under equitable principles" to order expungement of criminal records absent some

4

statutory or constitutional basis for jurisdiction). The federal statutes Plaintiffs invoke fail to provide an independent basis for jurisdiction.

Even if Plaintiffs had invoked the APA to challenge a final agency action, they have failed to name a federal agency as a defendant in the SAC. The January 31, 2011 Memorandum Decision and Order explained that under certain, narrow circumstances, a non-federal defendant might be <u>added to</u> a NEPA claim:

> "Usually, the federal government is the only proper defendant in an action to compel compliance with NEPA." *Laub v. U.S. Dept. of Interior*, 342 F.2d 1080, 1091-92 (9th Cir. 2003) (internal citation and quotation omitted). "However, nonfederal defendants may be enjoined under certain circumstances." *Id*. at 1092. For example, a non-federal defendant might be added to a NEPA claim where federal and non-federal "projects are sufficiently interrelated to constitute a single federal action for NEPA purposes." *Id*.
>
> The determination of whether federal and [non-federal] projects are sufficiently intertwined to constitute a "federal action" for NEPA purposes "will generally require a careful analysis of all facts and circumstances surrounding the relationship." *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975). "There are no clear standards for defining the point at which federal participation transforms a state or local project into major federal action. The matter is simply one of degree." *Almond Hill School v. United States Dep't of Agric.*, 768 F.2d 1030, 1039 (9th Cir. 1985)
>
> *Laub*, 342 F.3d at 1092. In *Laub*, the Ninth Circuit refused to automatically dismiss a NEPA claim challenging the State of California's acquisition of lands undertaken pursuant to a joint federal-state partnership governed by an agreement which required joint coordination, cost sharing, joint management, and the development of a joint blueprint to develop an ecosystem restoration program, of which the State's land acquisition was a part. *Id*.

Doc. 57 at 9. However, the Court has been unable to identify a single case in which a claim under NEPA and/or the APA was allowed to proceed against <u>only</u> a non-federal actor. The APA is a waiver of sovereign immunity by the <u>federal government</u>. *See Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 865 (9th Cir. 2011). It is not clear how the APA could form the basis for subject matter jurisdiction without the presence of a federal defendant.

Plaintiffs also point to December 30, 2010 letter authored by National Park Service ("NPS") Regional Director Christine S. Lehnertz regarding the Zoo expansion. She indicates, among other

5

things, that the proposed expansion of the Zoo "appears to be the kind of action that requires State and NPS involvement." Doc. 68, Ex. C. In light of this statement, it is all the more inexplicable that Plaintiffs have attempted to assert claims under the APA without naming a federal defendant.

Plaintiffs request "equitable relief in mandamus and for a stay of construction pending the issuance of a final administrative determination" by the California Department of Parks and Recreation and the National Park Service. Doc. 68 at 5 (citing the SAC). Plaintiffs argue that Defendants have failed to provide adequate notice of and opportunity for public participation in various "negotiations" among Defendants, but fail to allege that any federal law requires these non-federal Defendants to provide such notice and/or opportunity for public comment.[3] (The Court expresses no opinion as to whether any state law might impose such requirements.) Without a claim that properly invokes this <u>federal</u> Court's jurisdiction, the Court cannot address any aspect of the Zoo's planning or construction.

Plaintiffs' federal claims in the SAC must be dismissed for failure to state a claim. Plaintiffs request dismissal without prejudice on the ground that the administrative decision-making process is still ongoing. In other words, Plaintiffs wish to have the opportunity to re-file their claims when final administrative decisions and actions have been taken. This completely ignores a key fact: the "federal" claims currently pled in the SAC are against two non-federal defendants. There is absolutely no legal

---

[3] Plaintiffs cite *Friends of Shawangunks. Inc. v. Clark*, 754 F.2d 446, 451-52 (2d Cir. 1985), for the proposition that this Court can exercise jurisdiction over a LWCFA claim that concerns a project that is still in the planning phase, prior to the issuance of any final administrative action. In *Shawangunks*, the Second Circuit found that the amendment of a conservation easement acquired in part with federal funds under the LWCFA so as to permit the expansion of a golf course with limited public access constituted a conversion "to other than public outdoor recreation uses" under the LWCFA. *Id*. at 447. Accordingly, the Second Circuit ordered entry of judgment prohibiting amendment of the easement until an appropriate determination was made by NPS. *Id*. at 452. Critically, NPS was a defendant in that case, which was brought under the APA. *Id*. at 447. Whether and to what extent the actions of these non-federal Defendants to approve construction planning and/or design documents violates the LWCFA cannot be addressed in this Court unless Plaintiffs state a valid claim that properly invokes this Court's jurisdiction.

Plaintiffs also cite various documents from *Brooklyn Heights Ass'n v. Nat'l Park Service*, et al., 11-cv-226 EDV VVP (E.D.N.Y), but fail to provide either Westlaw/Lexis Citations to the appropriate documents or copies of the relevant documents. *See* E.D.C.A. Local Rule 133(i). The Court was able to determine that this case was in fact published in F. Supp. 2d, as *Brooklyn Heights Ass'n v. Nat'l Park Service*, 818 F. Supp. 2d 564 (E.D.N.Y 2011). However, the citation provides no more support for assertion of jurisdiction here than *Shawangunks*, as the NPS was also named as a defendant in *Brooklyn Heights*.

basis for the assertion of such claims. Dismissal of these claims with prejudice will have no effect upon Plaintiffs' ability to re-file claims against a federal defendant based upon a final action taken by a federal agency. Whether the non-federal defendants may be joined to such a claim cannot be determined at this time. The federal claims in the SAC are dismissed WITH PREJUDICE.

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Notrica v. Bd. of Sup'rs of County of San Diego*, 925 F.2d 1211, 1213–14 (9th Cir. 1991). The Court is not required to provide an explanation for its decision. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Accordingly, this Court declines to exercise supplemental jurisdiction over the remaining state law claim and will not address it.[4] The state law claim is DISMISSED WITHOUT PREJUDICE.

### CONCLUSION AND ORDER

For the reasons set forth above:

(1) The first and second counts in the SAC are DISMISSED WITH PREJUDICE; and

(2) The third count in the SAC is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiffs and shall CLOSE THIS CASE.

**SO ORDERED**
**Dated: April 5, 2012**

                                  **/s/ Lawrence J. O'Neill**
                                  **United States District Judge**

---

[4] Plaintiffs make a point of noting that their Cal. Code Civ. Pro § 526a claim alleges an illegal expenditure of public funds that requires interpretation of a lease that "incorporates reference to federal law." See SAC at 2:13-16. However, Plaintiffs do not suggest, and the Court can find no authority to support, that the reference to federal law in the lease would form an independent basis for finding federal question subject matter jurisdiction.

7